UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
EVANSTON INSURANCE COMPANY,

                Plaintiff,

v.

SHIRLEY EIFFERT, MICHAEL EIFFERT, EDWARD EIFFERT, JR., AND RHIANNON EIFFERT,

                Defendants.
-------------------------------------------------------------------- x

Case No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Plaintiff Evanston Insurance Company ("Plaintiff" or "Evanston"), by and through its attorneys, Robinson & Cole LLP, as and for its Complaint ("Complaint") against Defendants Shirley Eiffert, Michael Eiffert, Edward Eiffert, Jr. and Rhiannon Eiffert (collectively, the "Eifferts"), alleges as follows:

**I.      INTRODUCTION**

1. Evanston brings this action to obtain judicial determination and declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, as to the parties' rights and obligations under a commercial general liability policy issued by Evanston to Advantage Insulation, Inc. ("Advantage Insulation") for the policy period May 23, 2018 to May 23, 2019 (the "2018-2019 Evanston Policy").

2. An actual and justiciable controversy has arisen and now exists relating to the respective rights, duties and obligations of the parties under the 2018-2019 Evanston Policy.

3. In particular, Evanston seeks a declaratory judgment that the 2018-2019 Evanston Policy does not provide coverage for the Eifferts for the lawsuit captioned *Michele Pfeil v. Edward Eiffert, Jr., Rhiannon Eiffert, Shirley Eiffert, Michael Eiffert, Advantage Insulation, Inc., and the*

*Town of Milan,* Index Number 2019/51545, pending in the Supreme Court of the State of New York, Duchess County (the "Pfeil Action").

4. First, Evanston seeks a declaratory judgment that there is no coverage for the Eifferts with respect to the Pfeil Action under the 2018-2019 Evanston Policy because the Eifferts do not constitute Insureds under the policy.

5. Second, Evanston seeks a declaratory judgment that it is entitled to recoupment of the amount it has spent to date on the Eifferts' defense costs in connection with the Pfeil Action.

## II.   PARTIES

6. Plaintiff, Evanston, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Deerfield, Illinois. Evanston is authorized to do insurance business in New York.

7. Defendants, the Eifferts, are residents of the State of New York.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on the parties' diversity of citizenship: Evanston is incorporated in Illinois and has its principal place of business in Illinois; the Eifferts are residents of the State of New York. In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue in this Court is appropriate under 28 U.S.C. § 1391. The Eifferts are residents of the State of New York, and a substantial part of the events giving rise to this action occurred in this district.

## IV. FACTUAL ALLEGATIONS

### A. The Pfeil Action

10. On April 17, 2019, a personal injury action was filed against Shirley Eiffert and Michael Eiffert in the Supreme Court of New York, Duchess County alleging injuries sustained by Pfeil in a dog attack. A true and correct copy of the complaint filed on April 17, 2019 is attached as Exhibit A.

11. On January 22, 2021, Michele Pfeil ("Pfeil") filed an amended complaint ("Amended Complaint") to add Edward Eiffert, Jr., Rhiannon Eiffert and Advantage Insulation as defendants. A true and correct copy of the amended complaint filed on January 22, 2021 is attached as Exhibit B.

12. In the Amended Complaint, Pfeil alleges that, on June 30, 2018, she was lawfully at 118-120 North Road, Red Hook, New York (the "Premises") when she was attacked by dogs (the "Subject Incident"). Further, Pfeil alleges that the Eifferts owned, kept, housed and harbored the dogs which attacked her at the Premises.

13. Allegedly, the Eifferts, collectively or individually, own, operate and control Advantage Insulation. Edward Eiffert, Jr., Rhiannon Eiffert and Michael Eiffert are also allegedly officers, directors, shareholders, and/or employees of Advantage Insulation.

14. In addition, the Eifferts allegedly own and/or reside at the Premises.

15. The Plaintiff does not allege that the Eifferts were acting within the scope of their Advantage Insulation capacity at the time of the Subject Incident.

### B. The 2018-2019 Evanston Policy

16. Evanston issued a commercial general liability policy to Advantage Insulation for the policy period May 23, 2018 to May 23, 2019 (the "2018-2019 Evanston Policy"). The 2018-

2019 Evanston Policy provides an Each Occurrence limit of $1,000,000 and a General Aggregate limit of $2,000,000. A true and correct copy of the 2018-2019 Evanston Policy is attached as Exhibit C.

17. The 2018-2019 Evanston Policy provides:

**SECTION I- COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

18. The 2018-2019 Evanston Policy provides:

**SECTION II- WHO IS AN INSURED**

> 1. If you are designated in the Declarations as:
>
> **d**. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, **but only with respect to their duties as your officers or directors**. Your stockholders are also insureds, **but only with respect to their liability as stockholders**.

(Emphasis added.)

19. The 2018-2019 Evanston Policy further provides:

**SECTION II- WHO IS AN INSURED**

> 2. Each of the following is also an insured:
>
> **a.** Your "volunteer workers" **only while performing duties related to the conduct of your business**, or your "employees" other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), **but only for acts within the scope of their**

**employment by you or while performing duties related to the conduct of your business**…

(Emphasis added.)

      C.     **Relevant Coverage Correspondence**

20.     On December 6, 2022, Evanston was first provided notice of the Pfeil Action by Pfeil's attorney. A true and correct copy of the letter from Pfeil's attorney dated December 6, 2022 is attached as Exhibit D.

21.     By letter dated December 14, 2022, Evanston acknowledged receipt of notice of the Pfeil Action. A true and correct copy of Evanston's December 14, 2022 acknowledgement letter is attached as Exhibit E.

22.     By letter dated December 28, 2022, Evanston provided its position regarding the availability of coverage for Advantage Insulation and the Eifferts for the Pfeil Action under the 2018-2019 Evanston Policy. A true and correct copy of Evanston's December 28, 2022 coverage position letter is attached as Exhibit F (the "Reservation of Rights Letter").

23.     In the Reservation of Rights Letter, Evanston specifically reserved the right to disclaim coverage for the Eifferts with respect to the Pfeil Action if the Eifferts are not Insureds as defined by the 2018-2019 Evanston Policy.

24.     In the Reservation of Rights Letter, Evanston also advised that, by:

> "…handling this matter under a Reservation of Rights, Evanston preserves the right to investigate this matter further and disclaim coverage under the Policy for damages that are not covered. Evanston also specifically reserves the right to seek reimbursement of fees and costs spent defending claims not covered by the Policy, as well as to seek reimbursement of any amounts paid by Evanston to settle or otherwise resolve claims not covered by the Policy."

25.     By letter dated September 28, 2023, Evanston issued a letter to the Eifferts stating that the Eifferts do not qualify as Insureds as defined by the 2018-2019 Evanston Policy because

the Pfeil Action does not allege that the Eifferts were acting in the scope of their duties as "executive officers", directors, or stockholders of Advantage Insulation at the time of the Subject Incident, or were employees acting within the scope of their employment by Advantage Insulation, or were performing duties related to the conduct of Advantage Insulation's business at the time of the Subject Incident. A true and correct copy of Evanston's September 28, 2023 coverage position letter is attached as Exhibit G (the "Denial Letter").

26. The Denial Letter informed the Eifferts that Evanston would withdraw its defense of the Eifferts for the Pfeil Action ten (10) business days from September 28, 2023.

27. The Eifferts were asked to sign the Denial Letter if they agreed with Evanston's coverage position. Having failed to do so, Evanston was forced to initiate this declaratory judgment action so that the Court can determine whether coverage is available for the Eifferts in connection with the Pfeil Action under the 2018-2019 Evanston Policy that was issued to Advantage Insulation.

## COUNT I

### (Declaratory Judgment that the Eifferts Do Not Qualify as Insureds Under the 2018-2019 Evanston Policy)

28. Evanston incorporates by reference each of the allegations of paragraphs 1 through 27 of this Complaint.

29. To come within the Insuring Agreement of the 2018-2019 Evanston Policy, the Eifferts must qualify as Insureds.

30. The 2018-2019 Evanston Policy provides:

**SECTION II- WHO IS AN INSURED**

    1. If you are designated in the Declarations as:

  **d**. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, **but only with respect to their duties as your officers or directors**. Your stockholders are also insureds, **but only with respect to their liability as stockholders**.

(Emphasis added.)

  31. The 2018-2019 Evanston Policy further provides:

 **SECTION II- WHO IS AN INSURED**

  2. Each of the following is also an insured:

  **a.** Your "volunteer workers" **only while performing duties related to the conduct of your business**, or your "employees" other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), **but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business**…

(Emphasis added.)

  32. There are no allegations in the Amended Complaint that the Eifferts were acting in the scope of their duties as "executive officers," directors, or stockholders of Advantage Insulation at the time of the Subject Incident. Furthermore, there are no allegations in the Pfeil Action that the Eifferts were employees acting within the scope of their employment by Advantage Insulation or were performing duties related to the conduct of Advantage Insulation's business at the time of the Subject Incident.

  33. The Pfeil Action does not allege that the dogs that attacked Pfeil were on the Premises for any business purpose of Advantage Insulation. Rather, the Pfeil Action alleges that the dogs were harbored by the Eifferts, who owned and/or resided at the Premises. The fact that the Eifferts are also owners, employees, officers, directors and/or shareholders of Advantage Insulation does not bring the Subject Incident within the scope of coverage where, as here, the

Pfeil Action does not allege the Eifferts were acting in any capacity of Advantage Insulation by harboring the dogs that attacked Pfeil.

34. In fact, it appears that the dogs were owned by one or more Eifferts in a personal capacity. As such, the Eifferts do not qualify as Insureds under the Policy.

35. Accordingly, Evanston seeks a declaration that it has no duty to defend or indemnify the Eifferts under the 2018-2019 Evanston Policy in connection with the Pfeil Action.

## COUNT II

### (Declaratory Judgment that Evanston Is Entitled to Recoupment of Defense Costs)

36. Plaintiff, Evanston, repeats and re-alleges the allegations set forth in Paragraphs 1 through 35, inclusive, as though each were fully set forth herein.

37. As set forth above, Evanston is entitled to a declaration that it has no duty to defend or indemnify the Eifferts under the 2018-2019 Evanston Policy in connection with the Pfeil Action.

38. Evanston provided a defense to the Eifferts in connection with the Pfeil Action, and/or paid defense costs under a reservation of rights. Evanston specifically reserved the right to disclaim coverage for the Eifferts and seek reimbursement of fees and costs spent defending the Eifferts should the Eifferts not constitute Insureds under the 2018-2019 Evanston Policy in its December 28, 2022 reservation of rights letter.

39. Evanston seeks a declaration that, in the event it is entitled to deny coverage for the Pfeil Action, Evanston is also entitled to full recoupment of all defense costs paid by Evanston on behalf of the Eifferts in connection with the Pfeil Action.

**PRAYER FOR RELIEF**

WHEREFORE, Evanston respectfully requests that this Court declare and adjudge the controversy as follows:

1. As to Count I, a declaration that there is no coverage for the Eifferts under the 2018-2019 Evanston Policy for the Pfeil Action because the Eifferts do not qualify as Insureds;

2. As to Count II, a declaration that Evanston is entitled to full recoupment of all defense costs expended on behalf of the Eifferts in connection with the Pfeil Action to date; and

3. Awarding Evanston such other and further relief, decree or judgment as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff, Evanston, by and through undersigned counsel, hereby demands a trial by jury pursuant to FED. R. CIV. P. 38(b) on all triable issues.

Dated:   October 26, 2023

Respectfully submitted,

*E. Kerstein*

Erica Kerstein
Robinson & Cole LLP
Chrysler East Building
666 Third Avenue, 20th Floor
New York, NY 10017
(212) 451-2970
ekerstein@rc.com

*Attorneys for Plaintiff*